THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00093-MR-DLH

| | |
|---|---|
| TONYA R. CHAPMAN and KENNYACHTTA S. CHAPMAN, ) ) ) Plaintiffs, ) ) vs. ) ) LIL CEASER COMPANY, MELOTTE ) ENTERPRISES, INC., PAUL ) MELOTTE, LORA LEIGH, ACURA ) BLANTON, and AMANDA SIMS, ) ) Defendants. ) ) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiffs Tonya R. Chapman and Kennyachtta S. Chapman bring this action against a Little Caesars pizza restaurant and several of that restaurant's employees. The Plaintiffs assert that subject matter jurisdiction exists on the basis of a federal question (specifically 42 U.S.C. § 1983). [Doc. 1 at 3]. Specifically, the Plaintiffs assert claims of racial discrimination, assault, defamation, perjury, and slander. [Id. at 5].

Because the Plaintiffs have paid the $400 fee associated with the filing of this action, the statutory screening procedure authorized under the *in*

*forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte*. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)). Further, the Court may address the issue of subject matter jurisdiction at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, the Plaintiffs appear to assert claims for racial discrimination, assault, defamation, perjury, and slander arising from mistreatment they allegedly received at the Defendant restaurant. Specifically, the Plaintiffs claim that the restaurant employees "avoid[ed] taking [their] order"; that the employees "ma[de] gestures of wanting to assault" the Plaintiffs; and that the employees threatened to have them arrested. [Doc. 1 at 5].

To the extent that the Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983, such claims are frivolous and fail to state a claim upon which relief can be granted. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) internal quotation marks and citations omitted). Here, the Plaintiffs have not brought suit against a state actor; instead, they have attempted to sue a restaurant and its employees for violating their federal civil rights. The Plaintiffs have made no allegation that the Defendants have a sufficiently close relationship with state actors such that the Court could conclude that the Defendants were engaged in governmental action. The Plaintiffs' § 1983 claims, therefore, are dismissed.

To the extent that the Plaintiffs attempt to assert a claim for racial discrimination under federal law, they have failed to allege their race or that the conduct complained of was motivated by any sort of discriminatory animus. Accordingly, the Plaintiffs' claims for racial discrimination are therefore dismissed.

Because the Plaintiffs' Complaint fails to present any cognizable claim under federal law, the Court lacks subject matter jurisdiction over the Plaintiffs' claims. Having dismissed all of the claims over which the Court could exercise original jurisdiction, the Court in its discretion declines to exercise supplemental jurisdiction over the Plaintiffs' remaining claims for assault, defamation, perjury, and slander, and these claims are dismissed without prejudice.[1]

The Court notes that this is at least the second lawsuit filed by the Plaintiff Tonya R. Chapman that has been dismissed on initial review. See Chapman v. USPS/US Attorney, No. 1:17-cv-00132-MR-DLH, ECF Doc. 4 (W.D.N.C. June 22, 2017). Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

---

[1] The Court expresses no opinion as to whether the Plaintiffs have stated a claim under state law for these causes of action.

The Plaintiffs are hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREORE, ORDERED** that the Plaintiffs' Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: April 20, 2018

Martin Reidinger
United States District Judge